B25A (Official Form 25A) (12/08)

# United States Bankruptcy Court
### Northern District of Illinois

In re **THOMAS MECHANICAL CORPORATION**                                       Case No. **08-19687**
                                    Debtor(s)                                 Chapter **11**

Small Business Case under Chapter 11

## THOMAS MECHANICAL CORPORATION'S  PLAN OF REORGANIZATION,

## DATED March 31, 2009

### ARTICLE I
### SUMMARY

    This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **THOMAS MECHANICAL CORPORATION** (the "Debtor") from cash flow from operations, and future income.

    This Plan provides for **1** class of secured claims; **1** class of unsecured claims; and **1** class of equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **15** cents on the dollar.

    All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

    2.01    <u>Class 1</u>.  All allowed claims entitled to priority under § 507 of the Code (except administrative Expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

    2.02    <u>Class 2</u>. 3The claim of JP Morgan Chase, N.A., to the extent allowed as a secured claim under §506 of the Code.

    2.03    <u>Class 3.</u>  All unsecured claims allowed under § 502 of the Code.

    2.04    <u>Class 4.</u> Equity interests of the Debtor.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
# U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid in full in cash of a total value, upon the date of the entry of the order confirming this Plan equal to the allowed amount of such claim over a period ending not later than 5 years after the date of the order for relief.

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Secured Claim of JP Morgan Chase N.A. | Impaired | Paid in full in years 1, 2, 3 and 4 of the Plan |
| Class 2 - The claim of Plumbers Pension Fund, Plumbers Welfare Fund Trust Fund for Apprentice, Chicago Journeymen Plumbing Council, to the extent it is allowed, under Debtor's obligations as set forth in the Installment Note and Audit Liability only. | Impaired | Paid in full in years 1, 2, 3 and 4 of the Plan |
| Class 3 - General Unsecured Creditors | Impaired | Paid 15% in year 5 of the Plan |
| Class 4 - Equity Security Holders of the Debtor | Impaired | No payment |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.  The Debtor shall have the right to object to claims for 90 days after confirmation of the Plan

    5.02    <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed

    5.03    <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    6.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.

    (a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII.

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| **Berglund Construction**<br>**8410 South Chicago**<br>**Chicago, IL** | **Ongoing contracts** |
| **DeLage Landed Financial Services**<br>**1111 Old Eagle School Road**<br>**Wayne, PA 19087** | **Lease agreement for Bobcat Model #S220. Lease agreement originated on 9/15/05. Terms: 48 monthly payments at $738.91.** |
| **Harbour Contractors Inc**<br>**2380 W. Main Street**<br>**Plainfield, IL 60544** | **Ongoing contracts** |
| **Hyland A. Nolan**<br>**7408 S. Exchange Ave**<br>**Chicago, IL 60640** | **Ongoing contracts** |
| **Independent Mechanical Industris**<br>**4155 N. Knox Ave**<br>**Chicago, IL 60641** | **Ongoing contracts** |
| **Krause Construction**<br>**3330 Edison Ave**<br>**Blue Island, IL 60406** | **Ongoing contracts** |
| **Leona F Thomas**<br>**1900 N. Rutherford Avenue**<br>**Chicago, IL 60607** | **Rent of 1249 N. Austin, 2nd Floor, Chicago, IL**<br>**5 Year Lease at 3,000.00 per month.** |
| **Paul Borg Construction**<br>**2007 Marshall Blvd**<br>**Chicago, IL 60623** | **Ongoing contracts** |
| **Staalsen Construction Company**<br>**4639 W Armitage Ave**<br>**Chicago, IL 60639** | **Ongoing contracts** |

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| Tyler Lane Construction<br>4200 Victoria Street<br>Chicago, IL 60646 | Ongoing contracts |

(b)   The Debtor assumes the following Collective Bargaining Agreement effective upon the effective date of this Plan as provided in Article VII.

**Agreement between Plumbing Contractors Association of Chicago and Cook County and Chicago Journeymen Plumbers' Local Union 130, U.S., June 1, 2007-May 31, 2010.**

(c)   The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

MANAGEMENT, OWNERSHIP, OPEREATIONS:
   7.00 [A] After reorganization, the Debtor will continue to possess its assets and to manage its affairs. The Debtor shall have the right to develop its business, to negotiate and enter into contracts, to purchase equipment, to incur new indebtedness, to enter into partnerships and joint ventures, to hire and fire professionals, and to pay post-petition creditors on a current basis without further order of court.

FUNDING
   7.01   Payments required under the Plan shall be funded from the operation of Debtor's business, Thomas Mechanical Corporation.

SURRENDER OF ASSETS
   7.02   Any assets may be surrendered to the holder of the Allowed Secured Claims secured by such asset in satisfaction of such claim to the extent the parties agree, or if no agreement is reached, after notice and hearing before the Court.

DISTRIBUTION TO CREDITORS
   7.03   The Debtor, through its President, Leona Thomas, shall be responsible for making all distributions and other payments required under this Plan.

REPORTS
   7.04   Pursuant to the requirements of Bankruptcy Rule 2015(a)(5), the Debtor shall file written reports of the distributions made under the Plan, and serve copies of the reports on the U.S. Trustee.

CLOSING THE CASE
   7.05[A] When the Plan has been substantially completed, Debtor shall make a motion in the court to close the case.

NOTICES
   7.06[A]   Unless the Court orders otherwise, all notices required to be given to the Debtors shall be delivered to Thomas Mechanical Corporation, at the address listed in the Schedules,

and to the attorney of record for the debtor. At the time of confirmation, Debtor's attorney of record is: Forrest L. Ingram, Forrest L. Ingram, P.C., 79 W. Monroe, Suite 900, Chicago, IL 60603. Copies of notices to the Debtor shall also be served upon the United States Trustee.

7.06[B] Unless the Bankruptcy Court, the Bankruptcy Rules, or the Local Rules require other and further notice, notice shall be deemed sufficient if given to the Debtors, the U.S. Trustee, the Attorney for the Debtors, and every holder of an Allowed Secured Claim directly and materially affected by the matter which is the subject of the notice. Notice to all interested persons shall not be necessary, except in the event of a general and material modification of the Plan for which a general vote of creditors is required by the Code.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

## ARTICLE IX
## DISCHARGE

9.01 <u>Discharge</u>. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## EFFECTS OF CONFIRMATION AND PERFORMANCE

10.00 In addition to any other effects of confirmation set forth in 11 U.S.C. § 1141 or arising under any other law or out of the Plan:
    (i) Confirmation of the Plan shall bind to the provisions of the Plan, the Debtors, every creditor and every equity security holder, whether of not any claim or

**B25A (Official Form 25A) (12/08) - Cont.** 6

        interest of any such creditor or equity security holder is impaired under the Plan, and whether or not any such creditor or equity security holder has accepted the Plan.

(ii)    Confirmation of the Plan shall vest all of the property of the Debtor's estate in the Debtor.

(iii)   All property dealt with by the Plan shall be free and clear of claims and interests of creditors and equity security holders, except as otherwise expressly provided in the Plan.

Respectfully submitted,

By: **/s/ Leona F. Thomas**
**Leona F. Thomas**
The Plan Proponent

By: **/s/ Forrest L. Ingram**
**Forrest L. Ingram 3129032**
Attorney for the Plan Proponent

Case 08-19687    Doc 63    Filed 03/31/09    Entered 03/31/09 19:01:19    Desc Main
                           Document      Page 6 of 6
B25A (Official Form 25A) (12/08) - Cont.