50237-EEM/CHR

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | **Case No. 08 B 19687** |
| **THOMAS MECHANICAL CORPORATION,** | ) ) | **Judge Carol A. Doyle** |
| | ) | |
| **Debtor and Debtor in Possession.** | | |

### CLAIMANT, THE McCLIER CORPORATION'S, OBJECTION TO CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION

Claimant, The McClier Corporation ("McClier") by and through its counsel, QUERREY & HARROW, LTD., objects to confirmation of the Debtor's plan of reorganization dated April 17, 2009, and in support thereof states as follows:

1. On July 30, 2008, Debtor filed for protection under Chapter 11 of the United States Bankruptcy Code.

2. On September 15, 2008, McClier timely filed its unsecured claim (No. 6) in the amount of $2,000,000.00. McClier's claim is a general unsecured claim. Two motions are pending regarding this claim. Debtor objected to the claim on the basis that the claim is allegedly speculative and unliquidated. McClier has brought a motion seeking valuation of the claim. McClier believes that the value of the claim is no longer speculative.

3. On or about July 4, 2009, Debtor filed its First Amended Plan of Reorganization (the "Plan"). The Plan provides for a 15% distribution to Class III, the general unsecured creditors.

4. According to the Claims Register, general unsecured claims total $2,852,636.00. Of that amount, McClier represents $2,000,000.00.

5. In order to confirm a Chapter 11 Plan of Reorganization, the plan must not be likely to require further financial reorganization. 11 U.S.C. §1129(a)(11). Satisfaction of this feasibility requirement has generally required some reasonable expectation of success. *In re Cherry*, 84 B.R 134, 137 (Bankr. N.D.Ill. 1988).

6. Debtor will require $1,035,724.34 to fund the following proposed distributions under the Plan:

    a. Administrative Creditors - $26,039.00;

    b. Priority Tax Claims - $3,316.77;

    c. Class 1 – Secured Claims - $266,038.56;

    d. Class 2 - Priority Unsecured Claims - $212,434.61; and

    e. Class 3 – General Unsecured Claims - $527,895.40 (15% of $2,852,636.00).

7. The Plan provides that Debtor may withhold distribution to a creditor when an objection to the claim is pending. Thus, Debtor may withhold a distribution to McClier during the pendency of the objection but Debtor's objection does not automatically disallow McClier's claim.

8. The Plan only provides for $866,532.00 to fund the Plan. Without the McClier claim, the Plan will be feasible. However, if McClier's claim is allowed, there will be a shortfall of $169,192.34. Debtor makes no provision for the funding of the Plan in the event that its objection to McClier's claim is denied. Therefore, Debtor's Plan is unfeasible.

9. Further, the Plan defers payments to Class III until the last year of the Plan. Therefore, the Class III creditors will bear the entire risk that Debtor will not have sufficient funds in the fifth year of the Plan.

WHEREFORE, THE MCCLIER CORPORATION, objects to confirmation of the Debtor's Plan of Reorganization.

                THE McCLIER CORPORATION,

                By: /s/Beverly A Berneman
                    One of its attorneys

QUERREY & HARROW, LTD.
Attorneys for Claimant
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60604
312-540-7000