IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| THOMAS MECHANICAL CORPORATION | ) Judge Carol A. Doyle |
| Debtor and Debtor in Possession. | ) Case No. 08-19687 |
| | ) Hearing: 9/29/09 at 10:30 a.m. |

**DEBTOR'S SUPPLEMENTAL BRIEF OPPOSING MCCLIER CORPORATION'S MOTION TO ESTIMATE CLAIM #6 [FOR PURPOSES OF VOTING ON DEBTOR'S PLAN]**

NOW COMES the Debtor, Thomas Mechanical Corporation (the "Debtor"), by and through its attorneys at Forrest L. Ingram, P.C., and for its Supplemental Brief in Response To Motion of the McClier Corporation ("McClier") for Estimation of Claim No. 6 states as follows:

1. McClier filed Claim #6 and Debtor filed an objection. Thereafter, McClier filed a motion to estimate its claim. At the September 2, 2009 status hearing on McClier's motion and Debtor's objection, this Court pointed out McClier's failure to properly ask the Court to estimate its claim for the purpose of voting on Debtor's plan.

2. As of this writing, McClier has not filed a proper motion to estimate its claim for purposes of voting on Debtor's plan, and McClier's supplemental brief filed on September 16, 2009, continues to ignore the Court's admonition. However, the Debtor, understanding that the Court has declared that it will estimate McClier's claim ONLY for purposes of determining whether and to what extent McClier may vote on Debtor's Plan, submits this supplemental brief, acknowledging that its argument nevertheless impact on the lack of validity of McClier's claim *in toto*, and not merely on its estimated value ($0.00) for voting purposes.

1

3. McClier's claim #6 remains subject to Debtor's Objection. Even if McClier were to file an appropriate motion to estimate its claim for purposes of voting on Debtor's plan, the Court should disallow the motion since McClier has no standing to request such relief against the Debtor.

4. In the alternative, Debtor contends that McClier's claim should be valued at $0.00, both for purposes of voting on the plan and, ultimately, for purposes of ruling whether McClier's claim should be allowed in any sum whatsoever, because even if McClier manages to show standing, its breach of contract claim will not survive a facial challenge.

5. McClier's claim rests upon a breach of contract action, which to this day remains unliquidated, contingent, and purely hypothetical. No evidence exists to show an actual amount of damages awarded, no evidence exists to show that such an award would exceed insurance policies available to McClier, and no evidence exists showing that McClier will incur personal liability and damages giving rise to a breach of contract action.

### MCCLIER'S MOTION TO ESTIMATE CLAIM SHOULD BE DENIED SINCE MCCLIER DOES NOT HAVE STANDING TO BRING THE UNDERLYING BREACH OF CONTRACT ACTION AGASINT THE DEBTOR

6. McClier does not have standing to bring a breach of contract action before a federal court because McClier will never have to pay any damages in the underlying state court action.

7. Claim No. 6 alleges an amount owed to McClier by the Debtor by reason of the Debtor's a breach of a contract relating to an underlying personal injury case entitled *Grundhofer v. The McClier Corporation, et al.*, Case No. 07 L 4979. In the *Grundhofer* case, McClier filed a third-party complaint against the Debtor.

8. McClier's breach of contract action against the Debtor was premised on the claim that it was injured by Debtor's failure to procure the proper insurance. Judge Flanagan, the circuit

court judge presiding over *Grundhofer*, dismissed McClier's third party claim on September 3, 2008.

9. To date, there has been no determination as to the Debtor's liability for any amount of damages for which McClier may potentially be liable to Grundhofer. Therefore, McClier's claim for $2,000,000 arising from *Grundhofer* is premature, unresolved and unliquidated.

10. While bankruptcy courts are free to apply "whatever method is best suited to the circumstances" in estimating claims for purposes of voting on a Debtor's plan, they are "bound by the legal rules which may govern the ultimate value of the claim." *In re Farley, Inc.*, 146 B.R. 748, 753 (Bankr.N.D.Ill. 1992). Therefore, any issues relating to the breach of contract, contribution, and insurance proceeds brought into this Court are governed by Illinois law.

11. Upon dismissal of the breach of contract claim against the Debtor, Judge Flanagan stated "McClier is covered by insurance procured by Thomas [Debtor] and the dispute with regard to the insurance breach is the amount of coverage. McClier has suffered no damages and there is no way to determine at this point whether or not damages will accrue to McClier at all. Accordingly, the breach of contract action cannot stand at this point, as it is premature." (See 9/3/2008 Memorandum Opinion and Order on Third-Party Defendant's 2-619(a)(9) Motion to Dismiss Count II of the Third Party Complaint, attached hereto as **Exhibit A**)

12. McClier, through its parent corporation AECOM Technology Corporation, was operating under a primary insurance policy, policy number G20590695[1] (the "Primary Policy") taken out from ACE USA. The Primary Policy period started April 1, 2006 and ended April 1, 2007. The limits of insurance were $2,000,000 for each occurrence. (See Primary Policy, an excerpt of which is attached hereto as **Exhibit B**)

---

[1] On September 11, 2009, counsel for McClier provided Debtor's attorneys the Policy pursuant to a discovery request for McClier's insurance policy. The McClier Company merged with an AECOM subsidiary and thereby became part of AECOM in 2005.

3

13. McClier, through its parent corporation AECOM Technology Corporation, was operating under a Commercial Umbrella Liability Policy, policy number 4485278 (the "Umbrella Policy") taken out from the American Insurance Group. The Umbrella Policy period started April 1, 2006 and ended April 1, 2007. The limits of insurance were $25,000,000 for each occurrence with a $25,000,000 general aggregate. (See Umbrella Policy, an excerpt of which is attached hereto as **Exhibit C**)

14. Illinois courts have stated , "where concurrent primary insurance coverage exists for additional insureds, but to the extend that defense and indemnity costs exceed the primary limits of the targeted insurer, the deselected insurer or insurers' primary policy must answer for the loss before the insured can seek coverage under an excess policy. This holding preserved the distinction between primary and excess insurance policies. *Kajima Const. Services, Inc. v. St. Paul Fire and Marine Ins. Co.*, 227 Ill.2d 102 (2007). *Kajima* refers to this as "horizontal exhaustion." Until "the limits of primary insurance coverage are exhausted, secondary coverage does not provide any collectible insurance." *Kajima*, 227 Ill.2d at 114 (quoting *Roberts v. Northland Ins. Co.*, 185 Ill.2d 262, 275 (1998).

15. Therefore, under Illinois law before McClier can claim any personal damages it must first exhaust the Debtor's $1,000,000 primary injury policy, then McClier's $2,000,000 primary policy, and then to both Debtor's $2,000,000 and McClier's $25,000,000 umbrella policies.

16. Before a party may bring a claim before a federal court it must show it has standing to assert its claims. *Warth v. Seldin*, 422 U.S. 490, 298 (1975). In order to establish its standing, a plaintiff must do more then simply assert a claim; it must also demonstrate that this claim has a basis in fact and would have survived a motion to dismiss had it been brought prepetition. *In re The Mediators, Inc.*, 190 B.R. 515 (S.D.N.Y. 1995).

4

17. Federal courts apply two distinct standing analyses: constitutional standing and prudential standing. *Swearingen-El v. Cook Co. Sheriff's Dept.*, 456 F.Supp.2d 986, 989 (N.D.Ill. 2006).

18. The constitutional aspect of standing focuses "on the basic question of justiciability: whether the plaintiff has made out a case or controversy between himself and the defendant within the meaning of Article III" of the United States Constitution. *In re Automotive Professionals, Inc.*, 389 B.R. 630 (Bankr.N.D.Ill 2008)(quoting *FMC Corp. v. Boesky*, 852 F.2d 981 (7th Cir. 1988).

19. In every case, the issue of standing must be addressed at the outset because it is a jurisdictional issue under Article III. Article III requires a party who asks a federal court for relief to show an injury, threatened or real, personally suffered as result of conduct of defendant. *Automotive Professionals*, 389 B.R. at 633. Such an injury must be able to be traced to the challenged action, and must be one likely to be redressed by a favorable decision. *Id*.

20. McClier's claim is nothing more then an attempt to seek a publicly funded forum to air its grievance with the Debtor. McClier was fully insured and does not face any personal liability from the underlying *Grundhofer* case which would give it standing to seek a claim in this Court. "The 'cases and controversies' language of Article III forecloses the conversion of courts of the United States into judicial versions of college debating forums." *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464 (1982). Therefore, McClier has no constitutional standing to seek a claim against the Debtor.

21. McClier also lacks prudential standing. "Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing." *Id.* at 474. Prudential standing does not stem directly from the Constitution, but rather from prudent judicial administration. *Swearingen-ElI*, 456 F.Supp.2d at 990. A party

lacks prudential standing if it asserts a generalized grievance, is not the real party in interest but asserts a third party's rights, or asserts an injury outside the "zone of interests" a given statute was designed to protect. *Valley Forge*, 454 U.S. at 474-75. The plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. *Id.*

22. McClier cannot be the real party in interest behind the effort to estimate claim #6 for purposes of voting on the plan, and cannot be the real party in interest qualified to assert the damages alleged in claim #6.. Even assuming the personal injuries underlying the breach of contract action are eventually litigated and a judgment is entered against McClier, there will be no harm to McClier because it is insured to a point beyond any potential liability by multiple insurance policies totaling $30,000,000. Because McClier faces no injury, and is only trying to assert a third party's interest, the interest of an insurance company, McClier has no prudential standing to seek a claim against the Debtor.

23. Issues of Article III standing relate to a court's subject matter jurisdiction over a matter, and therefore they must be addressed whenever they are present. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986).

24. McClier lacks both Article III and prudential standing necessary to bring matters before this Court, and therefore its Motion to Estimate claim #6 [presumably, for purposes of voting on Debtor's plan] must be denied with prejudice.

**EVEN IF MCCLIER IS GRANTED STANDING TO ESTIMATE CLAIM #6 [FOR PURPOSES OF VOTING ON DEBTOR'S PLAN], ITS CLAIM MUST BE VALUED AT $0.00 SINCE THE UNDERLYING STATE COURT ACTION CANNOT SURVIVE A FACIAL CHALLENGE**

25. Assuming, *arguendo*, that a verdict in the *Grundhofer* personal injury case is entered against McClier, McClier will not suffer any damages because the primary policies and umbrella policies are more then adequate to cover any conceivable verdict amount.

26. In Illinois, a complaint for the breach of a contract must allege the following elements: the existence of a contract, the plaintiff's performance of all contractual conditions required, the defendant's breach of the contract, and the damages that result from the breach. *Finch v. Ill. Cmty. Coll. Bd.*, 315 Ill.App.3d 831 (5th Dist. 2000).

27. As stated above, McClier will be unable to allege any damages suffered if it sues the Debtor for a breach of contract. Further, McClier cannot sue the Debtor in state court because it has not obtained from the Bankruptcy Court an order lifting the stay to do so.

28. Even if the Court should modify the stay to allow McClier to sue the Debtor for breach of contract in state court, McClier would face other insurmountable problems. In Illinois, a party may challenge the legal sufficiency of a complaint based upon defects apparent on its face pursuant to 735 ILCS 5/2-619.. But without damages, McClier will be unable to allege facts sufficient to bring a claim within a legally recognized cause of action. *Vernon v. Schuster*, 179 Ill.2d 338 (1997). If a cause of action exists under Illinois law, it will necessarily be for an unliquidated amount until the underlying personal injury action can be resolved.

29. The remedies for a breach of contract depend on whether the breach is a material or minor breach. *Finch*, 315 Ill. App. 3d at 836.

> In determining whether a failure to render or to offer performance is material, the following circumstances are significant: (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected; (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived; (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; (e) the extent to which the

7

Document      Page 8 of 9

behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.
Restatement (Second) of Contracts § 241 (1981).

30. If the Debtor has breached its contract with McClier it is, at best, a minor breach. If the breach of contract is minor, the damages will be limited to compensable injuries, and will not give rise to a cause of action on the entire contract. *Circle Security Agency, Inc. v. Ross*, 107 Ill. App. 3d 195 (1st Dist. 1982). Because the *Grundhofer* case is currently undergoing discovery, damages relating to an alleged breach of contract between the Debtor and McClier are presently impossible to calculate.

31. Because McClier will not be able to successfully bring a cause of action against the Debtor, or in the alternative McClier's damages are impossible to calculate, claim #6 should be valued at $0.00 for purposes of voting on the plan, and ultimately be disallowed in its entirety.

## CONCLUSION

32. For the above reasons, the motion by McClier for estimation of Claim #6 [for purposes of voting on the plan] should be denied or its claim should be valued at $0.00 for purposes of voting on the plan. McClier has no standing to bring its motion because it will suffer no damages. For those same reasons McClier cannot plead damages so as to state a complete cause of action against the Debtor

                THOMAS MECHANICAL CORPORATION

                By: /s/ Forrest L. Ingram
                   One of its attorneys

Forrest L. Ingram #3129032
Peter L. Berk
Helena Milman
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THOMAS MECHANICAL CORPORATION. | ) | Case No. 08 B 19687 |
| | ) | |
| Debtor and Debtor in Possession. | ) | |
| | ) | |
| | ) | Judge Carol A. Doyle |
| | ) | Hearing: 9/29/09 at 10:30 a.m. |

### ORDER RE DEBTOR'S OBJECTION TO CLAIM #6

This matter came to be heard on **Debtor's Objection to Claim #6**. Due notice having been given and the Court being fully advised in these premises,

**IT IS HEREBY ORDERED:**

Claim #6 filed by The McClier Corporation is disallowed in its entirety.

Dated:                                                                    BY THE COURT

                                                                                    _____
                                                                                    The Honorable Carol A. Doyle
                                                                                    U.S. Bankruptcy Judge

This document was prepared by Forrest L. Ingram, P.C.
Forrest L. Ingram #3129032
Peter L. Berk   #6274567
Helena Milman
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 1210
Chicago, IL 60603-4907

9