# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THOMAS MECHANICAL CORPORATION. ) | Case No. 08 B 19687 |
| ) | |
| Debtor and Debtor in Possession. ) | |
| ) | |
| ) | Judge Carol A. Doyle |
| ) | Hearing: October 6, 2009 at 10:30 a.m. |

## NOTICE OF EMERGENCY MOTION

To: See attached service list

    PLEASE TAKE NOTICE that on **Tuesday, October 6, 2009, at 10:30 a.m.,** I shall appear before the Honorable Carol A. Doyle, or any other Judge sitting in her stead, in Courtroom 742, Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL 60604, and shall then and there present the **Debtor's Emergency Motion to Estimate McClier Corporation's Claim #6 for Purposes of Voting,** a copy of which is enclosed and is herewith served upon you, and at which time and place you may appear and be heard.

                                               /s/ Forrest L. Ingram
Forrest L. Ingram                                           One of Debtor's attorneys
Forrest L. Ingram P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312) 759-2838
ARDC #3129032

## CERTIFICATE OF SERVICE

    I, Philip Groben, a non-attorney, certify that I caused a true and correct copy of the above and foregoing Notice and the document, to which it refers, on all parties entitled to service at the address listed below, by electronic filing through ECF or by facsimile, as set forth on the attached service list, on the 5th day of October, 2009.

                                               /s/ Philip Groben

# SERVICE LIST

**Via ECF Notice:**

*Trustee*
William T. Neary
Office of the U.S. Trustee, Region 11
219 S. Dearborn, 8th Floor
Chicago, IL 60602
**Fax (312) 886-5794**

**Via ECF Notice and Facsimile**

**SG Supply Company**
c/o Emalfarb, Swan & Bain
440 Central Avenuw
Highland Park, IL 60035
Fax (847) 432-8950

**Plumbers Pension Fund Local 130 U.A. et al**
Douglas A. Lindsay
Lewis, Overbeck & Furman, LLP
20 N. Clark Street, Suite 3200
Chicago, IL 60602-4187
312 580-1201 (fax)

**The McClier Corporation**
Francis J. Pendergast, III
Crowley & Lamb
350 N. LaSalle Street, Suite 900
Chicago, IL 60610
312 467-5926 (fax)

Eileen M. Sethna
Querrey & Harrow
175 West Jackson Blvd., Suite 1600
Chicago, IL 60604
312-540-0578 (fax)

**Via Facsimile**

*Debtor*
Thomas Mechanical Corporation
7115 North Avenue, Suite 524
Oak Park, IL 60302
leonathomas@sbcglobal.net
(773) 261-7339

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THOMAS MECHANICAL CORPORATION. | ) | Case No. 08 B 19687 |
| | ) | |
| Debtor and Debtor in Possession. | ) | |
| | ) | |
| | ) | Judge Carol A. Doyle |
| | ) | Hearing: October 6, 2009 at 10:30 a.m. |

**EMERGENCY MOTION OF THE DEBTOR, THOMAS MECHANICAL, FOR ESTIMATION OF CLAIM #6 FOR PURPOSES OF VOTING**

NOW COMES the Debtor and Debtor in Possession, Thomas Mechanical Co. ("The Debtor"), by and through its counsel at Forrest L. Ingram, P.C., moves this court to estimate McClier Corporation's ("McClier") Claim #6 for purposes of voting, and states as follows:

1. On July 30, 2008, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. On September 15, 2008, McClier filed Claim #6, an unsecured claim in the amount of $2,000,000.00. Debtor has objected to this claim and seeks a determination as to the value of Claim #6 for purposes of voting.

3. Claim No. 6 alleges an amount owed to McClier by the Debtor by reason of the Debtor's breach of a contract relating to an underlying personal injury case entitled *Grundhofer v. The McClier Corporation, et al.*, Case No. 07 L 4979. In the *Grundhofer* case, McClier filed a third-party complaint against the Debtor.

4. McClier's breach of contract action against the Debtor was premised on the claim that it was injured by Debtor's failure to procure the proper insurance. Judge Flanagan, the circuit

1

court judge presiding over *Grundhofer*, dismissed McClier's third party claim on September 3, 2008.

5. To date, there has been no determination as to the Debtor's liability for any amount of damages for which McClier may potentially be liable to Grundhofer. Therefore, McClier's claim for $2,000,000 arising from *Grundhofer* is premature, unresolved and unliquidated.

6. Upon dismissal of the breach of contract claim against the Debtor, Judge Flanagan stated "McClier is covered by insurance procured by Thomas [Debtor] and the dispute with regard to the insurance breach is the amount of coverage. McClier has suffered no damages and there is no way to determine at this point whether or not damages will accrue to McClier at all. Accordingly, the breach of contract action cannot stand at this point, as it is premature." (See 9/3/2008 Memorandum Opinion and Order on Third-Party Defendant's 2-619(a)(9) Motion to Dismiss Count II of the Third Party Complaint, attached hereto as **Exhibit A**)

7. McClier, through its parent corporation AECOM Technology Corporation, was operating under a primary insurance policy, policy number G20590695[1] (the "Primary Policy") taken out from ACE USA. The Primary Policy period started April 1, 2006 and ended April 1, 2007. The limits of insurance were $2,000,000 for each occurrence. (See Primary Policy, an excerpt of which is attached hereto as **Exhibit B**)

8. McClier, through its parent corporation AECOM Technology Corporation, was operating under a Commercial Umbrella Liability Policy, policy number 4485278 (the "Umbrella Policy") taken out from the American Insurance Group. The Umbrella Policy period started April 1, 2006 and ended April 1, 2007. The limits of insurance were $25,000,000 for each occurrence with a

---

[1] On September 11, 2009, counsel for McClier provided Debtor's attorneys the Policy pursuant to a discovery request for McClier's insurance policy. The McClier Company merged with an AECOM subsidiary and thereby became part of AECOM in 2005.

$25,000,000 general aggregate. (See Umbrella Policy, an excerpt of which is attached hereto as **Exhibit C**)

9. Illinois courts have stated, "where concurrent primary insurance coverage exists for additional insureds, but to the extent that defense and indemnity costs exceed the primary limits of the targeted insurer, the deselected insurer or insurers' primary policy must answer for the loss before the insured can seek coverage under an excess policy. This holding preserved the distinction between primary and excess insurance policies. *Kajima Const. Services, Inc. v. St. Paul Fire and Marine Ins. Co.*, 227 Ill.2d 102 (2007). *Kajima* refers to this as "horizontal exhaustion." Until "the limits of primary insurance coverage are exhausted, secondary coverage does not provide any collectible insurance." *Kajima*, 227 Ill.2d at 114 (quoting *Roberts v. Northland Ins. Co.*, 185 Ill.2d 262, 275 (1998).

10. Therefore, under Illinois law before McClier can claim any personal damages it must first exhaust the Debtor's $1,000,000 primary injury policy, then McClier's $2,000,000 primary policy, and then to both Debtor's $2,000,000 and McClier's $25,000,000 umbrella policies.

11. This Court has suggested that Claim #6 may be limited to McClier's out of pocket expenses in deductible payments and increased insurance premiums. McClier has not suffered any damages as to a deductible payment as AECOM Technology has stipulated that it is responsible for paying any deductible related to the *Grundhofer* case. (See Stipulation paragraphs 13-14, which is attached hereto as **Exhibit D**)

12. McClier's damages calculations have been focused solely upon the difference between the amount of insurance requested by McClier, and the amount of insurance provided by the Debtor. McClier has not provided any documentation or calculations showing an increase in its insurance premiums subsequent to the Grundhofer litigation.

3

13. Because McClier will not suffer any damages related to payment of the deductible related to the Grundhofer matter, and McClier has not stated what, if any, damages have been suffered through increased insurance premiums, the Debtor believes $10,000.00 is a fair and reasonable estimation of their total damages.

14. This matter is an emergency and should be heard by this Court on October 6, 2009. The Debtor's plan of reorganization is set of confirmation on October 6, 2009 and Debtor has undergone extensive negotiations with McClier regarding the status of their claim. Debtor and McClier have been trading counter-proposals, and are currently working toward a mutually beneficial solution.

15. Debtor has filed a report of balloting discounting McClier's vote since McClier's claim is not allowed through to Debtor's timely objection. *See* 11 U.S.C. §§ 1126(a) & 502(a).

16. If the Court allows McClier to vote is non-allowed claim, the Debtor will suffer irreparable harm because McClier's claim will improperly cause the rejection of the Debtor's Small Business Plan of Reorganization.

WHEREFORE, the Debtor prays this court to estimate Claim #6 in the amount of $10,000.00 and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THOMAS MECHANICAL, INC.**

By /s/ Forrest Ingram
One of its attorneys

Forrest L. Ingram, #3129032
Helena Milman
Peter Berk
FORREST L. INGRAM, P.C.
79 W. Monroe, Suite 900

4

Chicago, IL 60603
(312) 759-2838
(312) 759-0298 fx
   fingram@fingramlaw.com

5